UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER B. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>HUNG CAO,[1]<br>Acting Secretary of the Navy,<br><br>Defendant. | Civil Action No. 25-3337 (PLF) |

OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Voluntary Remand and to Stay ("Mot.") [Dkt. No. 8].[2] Plaintiff Christopher B. Jackson filed suit in September 2025 seeking review of the Secretary of the Navy's decision to discharge him with a general (under honorable conditions) character of service. See Compl. Defendant Acting Secretary of the Navy Hung Cao (the "Secretary") has moved for a voluntary remand to the Assistant Secretary of the Navy, Manpower and Reserve Affairs (the "Assistant Secretary") and to stay these proceedings during the remand. See Mot. Upon careful consideration of the parties' written submissions and the relevant authorities, the Court will grant the Secretary's motion.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of the Navy Hung Cao has been "automatically substituted" for former Secretary John C. Phelan as the named defendant in this case.

[2] The documents considered by the Court in connection with the pending motion include: Complaint ("Compl.") [Dkt. No. 1], Defendant's Motion for Voluntary Remand and to Stay ("Mot.") [Dkt. No. 8], Plaintiff's Opposition to Defendant's Motion for Voluntary Remand and to Stay ("Opp.") [Dkt. No. 9], and Defendant's Reply in Further Support of Defendant's Motion for Voluntary Remand and to Stay ("Reply") [Dkt. No. 10].

# I. BACKGROUND

## *A. Factual Background*

Plaintiff Christopher B. Jackson is a former enlisted servicemember who served for nearly nineteen years in the U.S. Marine Corps. See Compl. ¶¶ 14-18; Opp. at 5 n.3. Mr. Jackson was discharged from the Marine Corps with a general (under honorable conditions) character of service on May 31, 2021. See Compl. ¶¶ 6, 71. Mr. Jackson's final enlistment contract was cut short after his commanding officer recommended, and the Assistant Secretary approved, his early separation. See id. ¶¶ 39-45. The process by which Mr. Jackson's separation was effectuated is at the heart of this case.

On September 17, 2019, Mr. Jackson reenlisted in the Marine Corps for a four-year contract, which would have given him over twenty years of service and allowed him to retire with full benefits. See Compl. ¶ 26. Seven months into that enlistment, in April 2020, Mr. Jackson was notified that he was being processed for administrative separation from the Marine Corps for four alleged violations of the Uniform Code of Military Justice. See id. ¶¶ 26-31. Specifically, Mr. Jackson was accused of, among other things, "secretly placing a video recording device on the windowsill of [his ex-wife's] bedroom, with the intent to make recordings of her private areas in various states of undress and nudity, without her consent and under circumstances in which she had a reasonable expectation of privacy." Id. ¶ 31(c).

In June 2020, Mr. Jackson was the subject of an administrative separation board ("ASB") proceeding to decide whether he should be retained or separated from the Marine Corps. See Compl. ¶ 33. The three members of the ASB determined that there was sufficient evidence to substantiate the allegation that Mr. Jackson secretly had placed a recording device in his ex-wife's bedroom but that there was insufficient evidence as to the three other allegations.

See id. ¶ 35. The ASB members unanimously recommended that Mr. Jackson be retained in the Marine Corps. See id. Notwithstanding that recommendation, Mr. Jackson's commanding officer forwarded up the chain of command to the Assistant Secretary the report from the ASB, along with a recommendation that Mr. Jackson be separated "due to loss of trust and confidence in [his] judgment and trustworthiness." Id. ¶ 39. The report forwarded to the Assistant Secretary did not include the transcript from Mr. Jackson's ASB hearing, as required under Marine Corps regulations. See id. ¶ 43; Marine Corps Order 1900.16, ¶ 6320. Despite the omission of the transcript, in early February 2021, the Assistant Secretary signed paperwork directing Mr. Jackson's discharge with a general (under honorable conditions) character, citing "Secretarial Authority (commission of a serious offense)" as the reason for the separation. Compl. ¶ 45.

Following several rounds of communications between Mr. Jackson's military counsel and various Marine Corps personnel, Mr. Jackson petitioned the Board for Correction of Naval Records (the "Board") to correct his record. Compl. ¶ 72. In that petition, Mr. Jackson identified numerous purported errors in the processing of his separation—including that the ASB report sent to the Assistant Secretary was not accompanied by the transcript of the proceedings. See id. ¶ 73. He asked the Board to award him constructive service to his original retirement date, and he also requested that his character of service be changed to honorable. See id. ¶ 72. On June 14, 2022, the Board issued a decisional document (the "2022 Directive") finding an "injustice warranting partial corrective action." Id. ¶ 76. Specifically, the Board determined that the Marine Corps had "committed a procedural error" when the Assistant Secretary reviewed the report from the ASB without also having the transcript of the proceeding and that the error "may have had a material impact" on the decision to separate Mr. Jackson and to assign him a general

(under honorable conditions) character of service. Id. ¶ 76(b). The Board concluded that to remedy this error, Mr. Jackson's "complete separation package" should be assembled and sent to the Assistant Secretary "for review and determination if [Mr. Jackson's] involuntary separation and assigned characterization of service should be modified." Id. ¶ 77. The Board also determined that until the Assistant Secretary had completed that review and issued a new decision, Mr. Jackson's requests for constructive service and a change in his character of service were not yet ripe. See id. ¶ 76(a).

For nearly two years following the Board's 2022 Directive, Mr. Jackson asked repeatedly for updates on the status of his case. See Compl. ¶¶ 78-98. His final inquiry in April 2024 went unanswered. See id. ¶ 98.

*B. Procedural Background*

Mr. Jackson filed suit in this Court on September 19, 2025, raising four claims under the Administrative Procedure Act (the "APA"). See Compl. ¶¶ 110-65. He alleges that the Navy failed to follow various military regulations in effectuating his separation and also failed to comply with the Board's 2022 Directive. See id. The Secretary of the Navy filed a Motion for Voluntary Remand and to Stay on January 9, 2026. See Mot. Mr. Jackson filed an Opposition to the Secretary's motion on January 30, 2026, see Opp., and the Secretary filed a Reply on February 6, 2026, see Reply. The Secretary's motion is now ripe for consideration.

## II. LEGAL STANDARD

Courts have "broad discretion to grant or deny an agency's motion to remand." Util. Solid Waste Activities Grp. v. EPA, 901 F.3d 414, 436 (D.C. Cir. 2018). Three considerations generally inform a court's exercise of that discretion. See Organic Trade Ass'n v.

U.S. Dep't of Agric., Civil Action No. 17-1875 (PLF), 2022 WL 951335, at *4 (D.D.C. Mar. 30, 2022).

First, "a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the original agency decision on review." Limnia, Inc. v. U.S. Dep't of Energy, 857 F.3d 379, 386 (D.C. Cir. 2017) (emphasis omitted). While "[t]hat is not to say that an agency need confess error or impropriety[,] . . . the agency ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." Id. at 387. "[S]o long as 'the agency intends to take further action with respect to the original agency decision on review,'" courts in this Circuit "generally grant an agency's motion to remand." Util. Solid Waste Activities Grp. v. EPA, 901 F.3d at 436 (quoting Limnia, Inc. v. Dep't of Energy, 857 F.3d at 386).

Second, "if the agency appropriately demonstrates its intent to revisit the challenged decision," a court should evaluate "whether the request for remand is 'substantial and legitimate.'" Organic Trade Ass'n v. U.S. Dep't of Agric., 2022 WL 951335, at *4 (quoting Keltner v. United States, 148 Fed. Cl. 552, 563 (2020)). Courts commonly grant remand requests when the "motion is made in response to 'intervening events outside of the agency's control.'" Util. Solid Waste Activities Grp. v. EPA, 901 F.3d at 436 (quoting SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001)). But "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position." Id. (quoting SKF USA Inc. v. United States, 254 F.3d at 1029). If, however, "the agency's request appears to be frivolous or made in bad faith, it is appropriate to deny remand." Id.

Third, a "court must 'consider whether remand would unduly prejudice the non-moving party.'" Am. Waterways Operators v. Wheeler, 427 F. Supp. 3d 95, 98 (D.D.C. 2019) (quoting Util. Solid Waste Activities Grp. v. EPA, 901 F.3d at 436). Courts factor the potential for unreasonable delay into that consideration. See Clark v. Perdue, Civil Action No. 19-0394 (JEB), 2019 WL 2476614, at *3-4 (D.D.C. June 13, 2019) (remanding where "[d]isposing of the [g]overnment's [m]otion exactly as [the plaintiff] requests would not . . . necessarily result in less delay than granting the request").

## III. DISCUSSION

### *A. Motion to Remand*

The three considerations that inform the Court's determination on whether to grant the Secretary's motion all weigh in favor of remand. First, the representations made by the Secretary of the Navy in the instant remand motion make clear that the Assistant Secretary intends to revisit the decision to separate Mr. Jackson from the Marine Corps. See Limnia, Inc. v. U.S. Dep't of Energy, 857 F.3d at 386. In the instant motion, the Secretary admits that "the agency has been unable to assemble the administrative record of the materials provided to the Assistant Secretary to show compliance with" the Board's 2022 Directive. Mot. at 5. Said differently, the Secretary concedes that the agency cannot verify adherence to the Board's explicit mandate that the Assistant Secretary consider the full package of materials from Mr. Jackson's ASB proceedings, including the transcript. See id.; see also Compl. ¶ 77. The Secretary asks the Court to "remand this matter back to the agency so that it can adequately consider all of the material that is, and should have been included, in the underlying administrative record." Mot. at 5. "On remand," the Secretary says, "the Assistant Secretary will ensure receipt of [Mr. Jackson's] complete separation package, to include the full transcript

of the administrative separation board proceedings per the Board's decision letter and issue a new decision in [Mr. Jackson's] case." Id. The Secretary therefore has satisfied the "threshold requirement" to show that "the agency intends to take further action with respect to the original agency decision on review." Am. Waterways Operators v. Wheeler, 427 F. Supp. 3d at 97 (quoting Limnia, Inc. v. U.S. Dep't of Energy, 857 F.3d at 386).

Second, the concern raised in the instant remand motion—that the agency may not have complied with the 2022 Directive—undoubtedly is a substantial and legitimate one. See Organic Trade Ass'n v. U.S. Dep't of Agric., 2022 WL 951335, at *4. Remanding to the Assistant Secretary at this juncture would permit the agency to ensure such compliance and allow the Court to evaluate the merits of Mr. Jackson's claims based on a complete administrative record. See FBME Bank Ltd. v. Lew, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (concluding that the agency "acknowledged substantial and legitimate concerns" where it "identified serious 'procedural concerns' and agreed that the 'record . . . needs to be supplemented'" (alteration in original)). And as the Secretary points out, if the Assistant Secretary were to make a different decision regarding Mr. Jackson's separation on remand, that would eliminate the need for this litigation altogether. See Mot. at 6. Moreover, there is nothing in the record to suggest that the Secretary's request for a remand is frivolous or made in bad faith. To the contrary, the requested remand would directly address Count IV of Mr. Jackson's complaint, which challenges the Assistant Secretary's alleged failure to comply with the 2022 Directive. See Compl. ¶¶ 158-65.

Resisting this conclusion, Mr. Jackson argues that the agency's "conduct over the past three and a half years reflects bad faith and warrants denial" of the remand motion. Opp. at 8. He asserts that agency personnel have been "evasive and contradictory" in their

communications with him and his counsel, eventually ignoring their requests for additional information altogether. Id. at 9; see Compl. ¶¶ 78-98. But those past actions—while no doubt immensely frustrating for Mr. Jackson—do not speak to the Secretary's present intent in moving to remand. This is not "the sort of 'novel, last second motion to remand' that could indicate bad faith." FBME Bank Ltd. v. Lew, 142 F. Supp. 3d at 75 (quoting Lutheran Church-Mo. Synod v. FCC, 141 F.3d 344, 349 (D.C. Cir. 1998)). Rather, the agency's "request for remand is a commonsense response" to its present inability to verify whether the full record from the ASB proceedings—including the transcript—was transmitted to the Assistant Secretary. Organic Trade Ass'n v. U.S. Dep't of Agric., 2022 WL 951335, at *6. Indeed, it would make little sense for the Court to consider the merits of Mr. Jackson's claims based on an administrative record that the agency concedes is incomplete. "A remand will allow the case to 'come before the court in a posture that facilitates review on the merits,' . . . [and] more focused judicial review." Organic Trade Ass'n v. U.S. Dep't of Agric., 2022 WL 951335, at *6 (alterations in original) (quoting Bayshore Cmty. Hosp. v. Azar, 325 F. Supp. 3d 18, 23 (D.D.C. 2018)).

Third and finally, Mr. Jackson has not established that remand would unduly prejudice him. See Am. Waterways Operators v. Wheeler, 427 F. Supp. 3d at 98. In his opposition motion, Mr. Jackson asserts that remand would cause him "severe prejudice" because he has "already waited over four and a half years since his discharge and over three and a half years since the [Board's] ruling." Opp. at 10. "While [Mr. Jackson] may have legitimate concerns about delay, this is not a reason to deny remand." Organic Trade Ass'n v. U.S. Dep't of Agric., 2022 WL 951335, at *7. The Secretary correctly points out that even if Mr. Jackson "achieved victory in this Court, the 'usual' and appropriate remedy would essentially be the

same remand to which he now objects." Reply at 2. Judge Boasberg explained in granting a remand motion where the plaintiff similarly had experienced significant delay prior to filing suit:

> It seems clear that prejudice resulted from such a delay, and that further delay would result in further prejudice.
>
> This point does not, however, ultimately render a remand improper. That is because even if the Court acted as [Plaintiff] first requests in denying a remand and requiring the agency to answer her Complaint, it would—assuming it sided with Plaintiff on the merits of her APA claim—ordinarily remand her complaint to the agency for disposition according to lawful procedures. Disposing of the Government's Motion exactly as [Plaintiff] requests would not, therefore, necessarily result in less delay than granting the request.

Clark v. Perdue, 2019 WL 2476614, at *3. That explanation applies here. By allowing remand now, the Court will save time for the parties and ensure that any remaining litigation will be narrowed, thereby conserving judicial resources.

Mr. Jackson also contends that the Court should deny the Secretary's motion because remand will address only the issue raised in Count IV—namely, that the Assistant Secretary failed to review the ASB transcript when rendering a decision on Mr. Jackson's separation. See Opp. at 10-11. Mr. Jackson has not, however, pointed the Court to any authority that prohibits remand unless the agency intends to address every count a plaintiff has raised. In any event, as noted above, remand may well obviate the need for this litigation in its entirety if the "new decision in Mr. Jackson's case" that the Assistant Secretary will issue, Mot. at 6, comes out in Mr. Jackson's favor.

*B. Request for Additional Guidance from the Court*

Mr. Jackson requests that if the Court grants the Secretary's motion, the Court should require "that the agency provide a detailed memorandum explaining its findings and the rationale for its decision" and impose "a deadline of 30-days" to "reconstruct the complete

administrative record, ensuring all relevant documents and transcripts that were initially omitted are included." Opp. at 12. "Although the Court can impose such a detailed remedial order, it is only proper to do so in extraordinary circumstances." Clark v. Perdue, 2019 WL 2476614, at *4; see N.C. Fisheries Ass'n v. Gutierrez, 550 F.3d 16, 20 (D.C. Cir. 2008) (explaining that "normally" when a court "identifies an agency error," the proper course is to "remand to the agency for further proceedings," and "[o]nly in extraordinary circumstances do [courts] issue detailed remedial orders"). Mr. Jackson has not identified any extraordinary circumstances that would justify the detailed remedial order that he seeks. The Court therefore will decline to enter such an order.

The Court acknowledges, however, that Mr. Jackson has endured frustrating delays and communication barriers since his separation from the Marine Corps more than five years ago. To ensure that Mr. Jackson's case is advanced promptly on remand, the Court will "retain an active supervisory role" and will require status reports every sixty days until the remand is complete. Clark v. Perdue, 2019 WL 2476614, at *4; see Cobell v. Norton, 240 F.3d 1081, 1109 (D.C. Cir. 2001) ("[F]ederal courts regularly retain jurisdiction until a federal agency has complied with its legal obligations, and have the authority to compel regular progress reports in the meantime.").

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Secretary of the Navy's Motion for Voluntary Remand and to Stay [Dkt. No. 8] is GRANTED; it is

FURTHER ORDERED that the case is REMANDED to the Assistant Secretary of the Navy, Manpower and Reserve Affairs; it is

FURTHER ORDERED that the case is STAYED during the pendency of remand proceedings; it is

FURTHER ORDERED that the Secretary of the Navy shall file a status report on or before October 13, 2026; and it is

FURTHER ORDERED that the Secretary of the Navy shall file a status report every sixty days thereafter until remand proceedings are complete.

SO ORDERED.

Paul L. Friedman

PAUL L. FRIEDMAN
United States District Judge

DATE: 8/12/26